# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| CHRISTOPHER L. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-126 |
| | ) | |
| JOHN T. WILCHER AND | ) | |
| CHATHAM COUNTY | ) | |
| SHERIFF'S DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Christopher L. Williams, proceeding *pro se* and *in forma pauperis*, brings this 42 U.S.C. §1983 Complaint against John T. Wilcher and the Chatham County Sheriff's Department. Doc. 1. The Court granted plaintiff's Motion for Leave to proceed *in forma pauperis* (IFP), doc. 3, and he has provided all requested documentation, docs. 4 & 5.[1] The Court now screens the Complaint pursuant to 28 U.S.C. § 1915A.[2]

---

[1] By letter received July 15, 2019, plaintiff alleges that he was not provided with all of the documents requested by the Court in granting his motion for leave to proceed *in forma pauperis* and that the missing documents might have been withheld by corrections officials. As plaintiff has returned all requested forms and information, any motion intended through plaintiff's letter is now moot.

[2] The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, sets forth procedures governing the filing of complaints in federal court by prisoners and other detainees. In cases seeking redress from a government entity or

Plaintiff generally alleges that the officers of the Chatham County Detention Center treated him "unprofessionally." Doc. 1 at 5. He also provides as exhibits the records of seventeen inquiries and grievances submitted between April 5, 2019, and May 9, 2019, which are not formally incorporated into the record. Docs. 1-1 at 1–17. Such generalized allegations are not sufficient to state a claim for relief. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim upon which relief can be granted). Even construed liberally, the Court cannot derive claims cognizable under § 1983.[3]

Even if the Court were able to identify a cognizable claim under § 1983 from the Compliant, plaintiff has failed to identify appropriate defendants for suit. Section 1983 claims require an allegation of a causal connection between a defendant's acts or omissions and an alleged

---

its officials, PLRA requires a preliminary screening in order to "identify cognizable complaints" and to dismiss, prior to service, any complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

[3] Plaintiff's exhibits suggest elements of denial of adequate medical care and harassment claims; however, the presented Complaint is not sufficient for the court to intuit these claims. Plaintiff may more fully develop and pursue these claims through a new action.

constitutional deprivation. *See Zalter v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (defendant's position of Secretary of the Florida Department of Corrections was not alone sufficient to establish a causal connection to plaintiff's sexual assault). Plaintiff has not alleged that John Wilcher was in any way connected to plaintiff's treatment, beyond his role as head of the Sheriff's Department. This alone is not sufficient as theories of *respondeat superior*or and vicarious liability cannot carry § 1983 claims. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a *respondeat superior* theory of liability."); *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978) ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort."); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) ("Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation."). Similarly, the Chatham County Sheriff's Office has no independent legal existence and is not subject to suit under § 1983. *Logue v. Chatham Cty. Det. Ctr.*, 2008 WL

895717 at * 2 (S.D. Ga. Apr. 2, 2008); *see Dean v. Barber,* 951 F.2d 1210, 1214 (11th Cir. 1992) (noting that sheriff's departments are not usually subject to suit or liability under § 1983, but deferring to state law as determinative of capacity to sue and be sued); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (city police department is not an entity subject to suit under § 1983 because it "is merely the vehicle through which the [c]ity government fulfills its policing instructions."). Therefore, plaintiff's Complaint should be dismissed.

## Conclusion

In summary, plaintiff's Complaint should be **DISMISSED without prejudice.** Meanwhile, it is time for plaintiff to pay his filing fee. His PLRA paperwork reflects a current balance of $720.00, with $240.00 in average monthly deposits and a $68.62 average reserved monthly balance over the six-month period prior to the date of his Prison Account Statement. Doc. 5. He, therefore, owes a $144.00 initial partial filing fee. *See* 28 U.S.C. §1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Hayward's custodian (or designee) shall remit the $144.00 and shall set aside 20 percent of all future deposits to his account, then forward those funds to

the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full. In the event that Hayward is transferred to another facility, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to his new custodian. The balance due from Hayward shall be collected by the custodian at all future facilities in accordance with the terms of this Order. A copy of this Order and of the Consent to Collection of Fees form Trust Account shall be served upon Hayward and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. §636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. §636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 11th day of September, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA